UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RADIANCE ALUMINUM FENCE, INC.,

    Plaintiff/Counter-Defendant,

v.

MARQUIS METAL MATERIAL, INC.,

    Defendant/Counter-Plaintiff.

                                        /

No. 18-12605

District Judge David M. Lawson
Magistrate Judge R. Steven Whalen

**ORDER REGARDING DISCOVERY MOTIONS [ECF Nos. 84, 95]**

    This is a breach of contract case. Currently before the Court is Defendant Marquis Metal Material Inc.'s ("Marquis'") November 15, 2019 *Motion to Compel Plaintiff Radiance Aluminum Fence, Inc. to Return, Sequester or Destroy Inadvertently Produced Documents Pursuant to Federal Rule of Civil Procedure (26(b)(5)(B)* [ECF No. 84] and Marquis' December 23, 2019 *Motion to Strike Plaintiff Radiance Aluminum Fence, Inc.'s Filing Certain Exhibits to Its Response to Marquis' Motion to Compel Radiance to Return, Sequester or Destroy Inadvertently Produced Documents and for Sanctions* [ECF No. 95].

    For the reasons set forth below, Marquis' motion to compel [ECF No. 84] and motion to strike [ECF No. 95] are GRANTED.[1]

**I. Background Facts**

    Plaintiff Radiance, located in Chesterfield, Michigan is a seller and installer of

---

[1] After these motions were filed, the District Court dismissed Radiance's claims. The undersigned recognizes that the dismissal could moot in part or whole the issues raised in these motions. Nonetheless, because the issue of damages on Marquis' counterclaim remain, the Court proceeds with its analysis.

aluminum fence materials. Defendant Marquis, located in Plattsburg, New York, supplied Radiance with aluminum products. Radiance filed suit in this Court on August 21, 2018 alleging that Marquis breached a November 9, 2016 purchase agreement to deliver shipments of aluminum to Radiance every three weeks throughout 2017 for a total of 13 "containers" at the price of $.71 per unit. *Amended Complaint,* ¶ 9, ECF No. 5, PageID.17. Plaintiff alleges that Marquis breached the agreement by "making only sporadic deliveries and, by the end of 2017, had delivered only eight containers of the thirteen required . . . ." *Id.* at ¶ 12. Radiance alleges that Marquis "unilaterally" attempted to raise the price per unit to $.95. *Id.* at ¶ 14. Radiance alleges that as a result of the breach, it was required to find an alternate supplier and was required to pay at least $1.23 per unit. *Id.* at ¶ 18.

Marquis counterclaimed, alleging that over the course of 2017, Radiance began delaying payments and could not take delivery of additional shipments on the agreed upon dates. *Counter Complaint*, ¶ 13, ECF No. 8, PageID.17. 42. Marquis contends that Radiance also failed to comply with the terms of various amended agreements to alter the payment schedule. *Id.* at ¶ ¶ 17-18.

On May 18, 2020, the District Court found that Marquis was entitled to judgment as a matter of law on its motion for summary judgment seeking dismissal of the amended complaint. ECF No. 139. The Court granted Marquis' motion for partial summary judgment, ordering the case to proceed to trial for a determination of damages on Marquis' counterclaim. *Id.*

## II. Applicable Law

"In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006)(*citing* Fed.R.Evid. 501). Notwithstanding, "in a federal proceeding -

although state law still applies to the existence of a privilege in a diversity case - federal. . . law controls waiver." *Lee v. Medical Protective Co.*, 858 F.Supp.2d 803, 807 (E.D.Ky.,2012); Fed.R.Evid. 502(f).

Rule 502 "Attorney-Client Privilege and Work Product; Limitations on Waiver" provides in relevant part:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

In regard to "clawing back" material protected by attorney client or work product privilege, Fed. R. Civ. P. 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### III. Discussion

Both motions relate to Marquis' efforts to "claw back" allegedly attorney/client privileged and/or work product doctrine material it claims was inadvertently provided to Radiance during discovery.

### A. Marquis' Motion to Compel [ECF No. 84]

Marquis asks the Court to compel Radiance to "'return, sequester or destroy'"

inadvertently produced documents. ECF No. 84, PageID.2802 (*quoting* Fed. R. Civ. P. 26(b)(5)(B)). Marquis states that due to the large volume of discovery to be produced, it retained the services of a third-party discovery vendor to collect and preserve Marquis' electronically stored information ("ESI") by means of key word searches. ECF No. 84, PageID.2812-3.

Marquis' search resulted in over 9,000 documents comprising more than 40,000 pages. ECF No. 84, PageID.2813. Parties entered a protective order on August 2, 2019 including the provision that "[a]ny inadvertent production of privilege or work product protected material shall not result in the waiver" of either attorney-client or work product doctrine privileged material. *Protective Order,* ¶ 11, ECF No. 24, PageID.112. The same paragraph provides that the disclosure "of any particular material shall cease to 'inadvertent' if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days." On August 9, 2019, seven days after the entry of the protective order, Marquis served Radiance with 9,000-plus documents totaling more than 40,000 pages. ECF No. 84, PageID.2813-14.

On August 19, 2019, counsel for Radiance, Alexander E. Blum, informed Marquis' counsel that the recently produced documents included evidence of "widespread, systematic and unadulterated discovery fraud" reflecting the destruction of relevant documents by Marquis. ECF No. 84, PageID.2814. Mr. Blum stated that he was "in the process" of identifying further misrepresentations. *Id.* The same day, Marquis' counsel responded to the email, denying the allegation of fraud and stating that the discovery material described by Mr. Blum referred to inadvertently disclosed privileged material which would be clawed back subject to the protective order's provision. ECF No. 84, PageID.2815. Mr. Blum responded the following day, stating that he did not intend to return the material in question

because (1) Marquis could not use privilege "as a shield" to providing fraudulent discovery requests and (2) Mr. Blum did not believe that the documents in question were privileged. *Id.*

On August 29, 2019, after a week of back and forth communication between Mr. Blum and Marquis' counsel, Mr. Blum informed Marquis' counsel of the documents that Radiance intended to use in a motion seeking discovery sanctions and a default judgment. ECF No. 84, PageID.2816. The same day, Marquis (having hired a second document review service to identify inadvertently disclosed material following the August 19, 2019 email) issued a claw-back letter. ECF No. 84, PageID.2817. Marquis requested that within seven days, Radiance confirm in writing that it had destroyed the claw-backed documents. *Id.* Counsel for Marquis promised to resubmit the documents with the privileged portions redacted following Radiance's proposed destruction of the disputed documents,. *Id.*

On September 11, 2019, Mr. Blum stated that he would not return the documents in question because the claw-back request was tardy under the terms of the protective order. ECF No. 84, PageID.2817-18. Two days later, Radiance introduced the allegedly privileged documents at the deposition of a Marquis witness, to which Marquis lodged an objection. ECF No. 84, PageID.2818. On September 27, 2019, Marquis issued an updated claw-back list, amending its August 29, 2019 list of privileged documents. ECF No. 84, PageID.2818-19. On September 29, 2019, Mr. Blum responded, stating that the documents would not be returned because (1) they were not privileged and (2) the claw-back request (particularly the September 27, 2019 request) was tardy. ECF No. 84, PageID.2819. In the meantime, Marquis continued to review its document production and on October 10, 2019, submitted a second amended claw-back list totaling 636 documents and a privilege log of 1,006 documents. ECF No. 84, PageID.2820-21.

In response, Radiance does not dispute Marquis' chronology of events following the document production, but argues that the claw-back request was untimely and that the material in question was not protected by any privilege. *Response,* ECF No. 88, PageID.3044. Radiance contends that the claw-back request was instead made "to recover damaging documents and not privileged documents." ECF No. 88, PageID.3045, fn 5. Radiance's exhibits attached to its response include Mr. Blum's August 19, 2019 email stating that he was preparing a motion requesting sanctions for Marquis' "ongoing and systematic discovery violations," and that in "litigating complex commercial cases for almost ten years," he had "never seen such rampant misconduct as is revealed in Marquis' documents." ECF No. 88-3, PageID.3062. Among the exhibit attached are the documents at issue in the claw-back request.

### B. Marquis' Motion to Strike [ECF No. 95]

Marquis filed the present motion on December 23, 2019, noting that while Radiance filed exhibits with its response to Marquis' motion to compel (Docket #84) "under seal," the District Court predictably and justifiably struck Radiance's notice of filing exhibits under seal due to the failure to comply with E.D. Mich. L.R. 5.3(b) requiring that parties file a motion to seal documents. ECF No. 95, PageID.3383. Marquis argues that although the exhibits in question include documents subject to the pending claw-back request, Radiance improperly placed the burden on Marquis to justify sealing the exhibits to Radiance's response. ECF No. 95, PageID.3388. Marquis notes that as of December 23, 2019, the claw-back claim had not been resolved and Radiance failed to file a motion challenging the claw-back request. ECF No. 95, PageID.3391. ECF No. 95, PageID.3388. Marquis asks for sanctions against Radiance for its "blatant misconduct." ECF No. 95, PageID.3394. In response, Radiance asserts, in effect, that the exhibits attached to its response to Dock. #84

are properly unsealed due to "Marquis' aggressive refusal to state simply and plainly the basis for its inadvertent disclosure . . . ." ECF No. 96, PageID.3465.

### C. Marquis Timely Invoked the Claw-Back Provision of the Protective Order

Paragraph 11 of the protective order crafted by parties, entitled "Inadvertent Production of Privileged Material," provides as follows:

> Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

ECF No. 24, PageID.112.

As a threshold matter, Marquis made its initial claw-back request within 10 days of receiving notice that it had inadvertently produced privileged materials. Marquis notes, in effect, that it was placed on notice of the inadvertently produced privileged material during email exchanges between opposing counsel on August 19, 2019. On August 19, Mr. Blum stated that he planned to file a motion for default judgment based on Marquis' "false statements," "spoliation of evidence," and Marquis' employees "knowingly and matter-of factly disobeying their attorneys' instructions." ECF No. 84-5, PageID.2906. In the evening of the same day, counsel for Marquis responded:

> Under the terms of the protective order, we will be utilizing the claw back provision on any documents produced that were prepared at the instruction of counsel and for the benefit of counsel, including documents such as draft discovery responses and email correspondence discussing Defendant's discovery obligations for this case. To that end, thank you for pointing out that this information, which you undoubtedly know to be privileged, was inadvertently produced. This production oversight is not surprising considering the method utilized to identify responsive documents and the subsequent production of those documents, which was heavily reliant on the use of keywords. Such inadvertently disclosed documents will not be available for use in your [default] motion.

ECF No. 84-5, PageID.2903.

Marquis made the over 40,000-page document production on August 9, 2019. While there is some dispute as to whether Mr. Blum placed Marquis' counsel "on notice" on August 14 or August 19, the August 19 claw-back request was made within 10 days of notice by Mr. Blum. Plaintiff's "failure" to specify the documents to be clawed back within the 10-day limit set forth in the protective order does not constitute a "waiver" of its privilege claim, given that Mr. Blum did not identify the documents in question until August 29, 2019. ECF No. 84-9,PageID.2930. On August 29, 2019, counsel for Marquis informed Radiance's counsel:

> [A]fter becoming aware that Marquis may have inadvertently produced privileged communications, Marquis promptly sought to rectify the inadvertent production. Specifically, Marquis retained the services of an attorney consultant, whom we have worked closely with to review the Marquis production, assess the extent and seriousness of the inadvertent production, and devise a cost- and time-sensitive solution. Our preliminary findings confirm that numerous documents protected by attorney-client privilege and/or work product doctrine were produced without redactions.

*Id.* Marquis first gave notice on August 19, 2019 of its claw-back request. It specified the documents to be clawed back on August 29 - the same day those documents were identified by Radiance. Given that the August 2, 2019 production consisted of over 40,000 pages, the fact that Marquis amended its claw-back list on September 27, 2019 and again on October 10, 2019 constitutes "reasonable steps" within a "reasonable" time frame to rectify the production error under Fed. R. Evid. 502(b)(3) and Fed. R. Civ. P. 26(b)(5)(B).

Taken in the context of Marquis' previous efforts to meet its discovery obligations, the factors to be considered under Advisory Committee Note for Rule 502(b) also support the conclusion that Marquis' claw-back request was both reasonable and timely. "[C]onsiderations bearing on the reasonableness of a producing party's efforts include the number of documents to be reviewed and the time constraints for production." *Id.* Here,

Marquis notes that it produced a voluminous number of documents in a relatively short period. Marquis' use of software in meeting its document production obligations also supports the claw-back request. "A party that uses advanced analytical software applications and linguistic tools in screening for privilege and work product may be found to have taken 'reasonable steps' to prevent inadvertent disclosure." *Id.* While Rule 502(b) requires "the producing party to follow up on any obvious indications that a protected communication or information has been produced inadvertently," Marquis made its claw-back request, by even Radiance's account, within 10 days after being placed on notice of the inadvertent production of privileged material. Marquis has met its burden to show that it did not waive its claims of privilege.

Moreover, Radiance's claim that Marquis did not specify the basis for the claw-back request is without merit. On August 19, 2019, counsel for Marquis stated that it intended to claw back "documents . . . that were prepared at the instruction of counsel and for the benefit of counsel, including documents such as draft discovery responses and email correspondence discussing Defendant's discovery obligations for this case." ECF No. 84-5, PageID.2903. Without dispute, the request for documents "prepared at the instruction of counsel and for the benefit of counsel" and emails discussing "discovery obligations" refer to documents protected by the work product doctrine if not attorney/client privilege.

**D. Radiance was Not Entitled to Ignore the Claw-Back Request**

Radiance's contention that its counsel did not believe that the disputed documents were protected by privilege does not constitute adequate reasons for the failure to comply with Marquis' claw-back request. Nothing in the protective order suggests that Radiance would be the arbiter of what is and what is not privileged. Faced with a claw-back request,

-9-

"[i]t was not Plaintiffs' prerogative to unilaterally determine whether the information received anonymously was truly proprietary, confidential, privileged, or some combination of those labels, and use the information it deemed appropriate." *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 2831485, at *15 (D.Kan. June 30, 2017).[2]

Further, Radiance had clear-cut guidance under Fed. R. Civ. P. 26(b)(5)(B), which states that after the producer of the privileged material has notified the recipient of its intent to claw-back and provided the basis for the privilege, the recipient "must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." *Id.* While the status of the documents were in dispute, Radiance not only declined to return, sequester, or destroy the documents, but proceeded to use the disputed material in deposing a Marquis witness and in support of its response to Marquis' motion to compel.[3] ECF No. 88. The claw-back provision of Rule 26(b) cannot be read to allow the recipient to continue to use the disputed materials pending a finding of privilege by the Court. I note

---

[2] Radiance's outstanding motion to enforce the protective order, ECF No. 104, restates its arguments made in response to the present motions. However, in considering the motion to enforce the protective order, the undersigned, if necessary, and to the extent that the dispute has not been mooted by the dismissal of Radiance's claims, will conduct an *in camera* review to determine whether the disputed documents are privileged.

[3] As noted above, while Radiance purportedly filed the exhibits to its response "under seal," the District Court struck Radiance's notice of filing exhibits under seal due to the failure to comply with E.D. Mich. L.R. 5.3(b), requiring that parties file a motion to seal documents. ECF No. 95, PageID.3383. Notwithstanding, Radiance did not file a motion to seal the exhibits to its own motion, necessitating Marquis' motion to strike. ECF No. 95.

that Radiance did not seek guidance from the Court until filing its motion to enforce the protective order five months after discovering the disputed material. ECF No. 104. Likewise, Mr. Blum's claim that any privilege claims were waived by the fact that the documents revealed evidence of Marquis' "discovery violations" and "misconduct" is for the Court's determination.[4]

### III. Conclusion

For the these reasons, Marquis' motion to compel [ECF No. 84] and motion to strike [ECF No. 95] are GRANTED. Radiance's counsel will return to Marquis' counsel the documents to which Marquis claims privilege, and will destroy any copies of those documents.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: June 4, 2020

---

[4] Notably, Mr. Blum declared on August 19, 2019 that he was preparing a motion for sanctions including default judgment based "ongoing and systematic discovery violations," and "rampant misconduct" such as he had never seen in his 10 years of practicing complex litigation. ECF No. 88-3, PageID.3062. However, no such motion for sanctions, including default judgment, has been forthcoming. In its January 22, 2020 motion to enforce the protective order and prevent Marquis from clawing back the documents in question, Radiance dials back its claim that it is entitled to default judgment, requesting only that "sanctions be imposed against Marquis for its repeated use of the threat of sanctions to bully Radiance," and "distract the Court from the actual facts and law at issue." ECF No. 104, PageID.3554.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 4, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla

Case Manager
